IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **American Hellenic Educational Progressive Association**<br>1909 Q St NW<br>Washington, D.C. 20009<br><br>Plaintiff,<br><br>v.<br><br>**PicRights Ltd.**<br>**PicRights Europe GmbH**<br>**Agence France-Presse**<br>c/o Higbee & Associates<br>1504 Brookhollow Drive<br>Suite 112<br>Santa Ana, CA  92705<br><br>Defendants. | Case No.<br><br>Judge<br><br>Magistrate<br><br><br><br>**COMPLAINT FOR**<br>**DECLARATORY JUDGMENT OF**<br>**NONINFRINGEMENT**<br>**OF COPYRIGHT**<br><br><br><br>*(Jury Demand Endorsed Hereon)* |

NOW COMES the Plaintiff, *American Hellenic Educational Progressive Association*, and for its Complaint against the Defendant alleges the following:

**THE PARTIES**

1. The Plaintiff, American Hellenic Educational Progressive Association ("AHEPA"), is a Nonprofit fraternal beneficiary society which provides payment of life, sickness, accident, or other benefits to members in conjunction with the emulation of ancient Greek culture, civilization, principles and ideals; including humanism, reason, the pursuit of knowledge, the arts, moderation, and civic responsibility. AHEPA is non for profit organization under Section 501(c)(10) of the U.S. Tax Code. AHEPA's only revenues are generated through

Plaintiff's Complaint - 1

- 1 -

membership fees and charitable contributions. AHEP makes no profit and distributes its revenues in accordance with its charitable mission.

2. AHEPA has chapters in 22 separate districts, including one in Cuyahoga County, Ohio.

3. Defendant Agence France-Presse ("AFP") is an entity unknown to the Plaintiff but on information gained from www.wikipedia.com appears to be an international news agency headquartered in Paris, France with regional headquarters in Nicosia, Montevideo, Hong Kong, and Washington, D.C., and news bureaux in 151 countries in 201 locations.

4. Defendant PicRights Ltd. ("PRL") is an entity unknown to the Plaintiff but on information gained from http://www.picrights.com/, appears to provide "proprietary online systems [to] encourage quick and amicable settlement of infringements, while providing … [their] client[s], with visibility into the process."

5. Defendant PicRights Europe GmbH ("PREG") is an entity unknow to the Plaintiff but on information gained from https://www.linkedin.com/company/picrights, PicRights appears to be "dedicated to tracking down infringements, stopping them, and extracting a compensatory license fee for the unauthorised *[sic]* use of our clients' images."

6. Higbee & Associates (hereinafter "Copyright Troll") holds themselves out as 'A National Law Firm' and is a firm notorious for facilitating a copyright trolling scam that attempts to extort and extract nuisance fees and royalties from innocent entities. *See, for example, Consumer Law and Policy Blog* attached as Exhibit A, and "*Investigating the Higbee & Associates Copyright Trolling Operation" by Techdirt*, attached as Exhibit B. A simple search on the search engine www.google.com for the words "Higbee copyright troll" produces over 14,000 results.

Plaintiff's Complaint - 2

7. Copyright Troll purports to be Attorney in Fact for all Defendants. See "*Letter of Representation*", attached as Exhibit C.

**JURISDICTION AND VENUE**

8. There is an actual justiciable case or controversy pursuant to 28 U.S.C. §2201 regarding the validity or infringement of any of Defendants' alleged copyrights. A judicial declaration that the Defendants' alleged copyrights are invalid, and that the Plaintiff has not infringed any valid claim of the Defendants' alleged copyrights, are necessary and appropriate at this time so that the Plaintiff may ascertain its rights and duties with respect to the Defendants' alleged copyrights.

9. This Court has subject matter jurisdiction over this Complaint under 28 U.S.C. § 2201, 2202, and 1338 as a declaratory judgment action arising under the patent laws, Title 35 of the United States Code.

10. This Court has personal jurisdiction over the Defendant by virtue of the Defendant's conduct within the State of Ohio, within this judicial district and elsewhere. The Defendant has issued a cease and desist letter to the Plaintiff within this judicial district, and continues to attempt to "negotiate" for the payment of a proposed "license fee" with Plaintiff's counsel, which invokes personal jurisdiction in the Northern District of Ohio.

11. Venue is proper in the Norther District of Ohio pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise the claim occurs is situated in this District.

## **FACTUAL ALLEGATIONS**

12. The Plaintiff received a cease and desist letter from Copyright Troll dated June 7, 2019 ("CD Letter"). *See a true and accurate copy of the cease and desist letter, attached as "Exhibit D."*

13. This CD Letter sent by Copyright Troll and signed by Attorney Matthew K. Higbee, and purposes to be the attorney in fact for Defendants.

14. In the CD Letter received by Plaintiff, vague and unsubstantiated allegations are made that Plaintiff has infringed "copyrighted works" of, presumably, AFP, PRL, and/or PREG.

15. No copy of any Copyright Registration, nor any reference to the same, was included within the CD Letter. *See Exhibit D.*

16. No specific copyright notice, whether comporting with Section 401 of the Copyright Act or otherwise, was provided on or for the alleged "copyrighted works".

17. The issuance of a copyright registration by the Library of Congress/Copyright Office is a prerequisite for any standing to pursue a copyright infringement action within the United States. *See Fourth Estate Public Benefit Corp. v. Wall-Street. com*, LLC, 138 S. Ct. 720 - Supreme Court, 2018 (a copy of which is attached as "Exhibit E").

18. The images which the Defendants allege pursuant to the CD Letter were, on information and belief, used as part of a non-revenue generating news publication.

19. Further, between June 2019 until the filing of this action the Copyright Troll continued to threaten AHEPA, through its counsel located within this county, in an attempt to negotiate, extort or extract fees for use of its alleged copyrights.

20. Given that the Defendants' CD Letter has alleged infringement and threatened litigation sufficient to create an objectively reasonable apprehension that an infringement suit will be brought so that the Plaintiff files this action to ascertain its rights with respect to noninfringement and invalidity of the allegedly copyrighted works.

### CLAIM NO. 1
*(Declaratory Judgment of Noninfringement)*

21. The Plaintiff incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

22. This claim arises under the Declaratory Judgment Act, 28 USC § 2201 *et seq.*, and the copyright laws of the United States, 17 USC § 1 *et seq.* and seeks a declaratory judgment that Plaintiff has not and does not infringe upon any valid and enforceable copyright registration.

23. On information and belief, the Defendants have caused to be issued, or otherwise know, that a cease and desist letter has been issued to Plaintiff alleging infringement of purported, but undisclosed, copyright registrations.

24. The Plaintiff does not make, use, offer to sell or sell, within the United States, or import into the United States, any product that infringes any valid and enforceable claim of Defendants.

25. A judicial declaration is necessary under the circumstances to resolve this controversy.

26. The Plaintiff requests a declaratory judgment that it does not make, use, offer to sell or sell, within the United States, or import into the United States, any product that infringes any valid and enforceable claim of the allegedly copyrighted works—whatever they may be—either directly, indirectly, contributorily, or otherwise, and has not induced others to infringe any valid and enforceable claim of the allegedly copyrighted works.

## CLAIM NO. 2
*(Declaratory Judgment of Invalidity)*

27. The Plaintiff incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

28. This claim arises under the Declaratory Judgment Act, 28 USC § 2201 *et seq.*, and the copyright laws of the United States, 17 USC § 101 *et seq.,* and seeks a declaratory judgment that Defendants claims for copyright infringement are invalid and/or unenforceable.

29. One or more Defendants purport(s) to be the assignee(s) and owner(s) of undisclosed copyright registration(s). *See Exhibit D.*

30. On information and belief, one or more Defendants have caused to have issued or otherwise knows that the CD Letter was sent to Plaintiff, alleging infringement of undisclosed copyright registration(s).

31. Defendants have provided no proof of ownership of any copyright registrations specifically covering any of the images in question. However, in the event that any of the Defendants were in fact the owner of a valid and enforceable U.S. Copyright Registration for each or any of the works in question, it is clear that AHEPA would not be liable for the payment of damages under the long-held principal of innocent infringement and/or the defense of fair use.

32. Under U.S. Copyright laws, when no notice of Copyright is affixed to the works "any person who innocently begins an undertaking that infringes the copyright has a complete defense to any action for such infringement if such person proves that he or she was misled by the notice and began the undertaking in good faith…" *See 17 U.S. Code § 406(a); See also*

*Bagdadi v. Nazar*, 84 F.3d 1194 (9th Cir. 1996); *D.C. Comics Inc. v. Mini Gift Shop,* 912 F.2d 29 (2d Cir. 1990).

33. Indeed, under U.S. Copyright laws, "[i]n a case where… [an] infringer was not aware and had no reason to believe that his or her acts constituted an infringement of copyright, the court in its discretion may reduce the award of statutory damages to a sum of not less than $200." *See 17 U.S.C. § 504(c)(2)*.

34. In cases where no notice of copyright is affixed to certain works, a finding of innocent infringement is appropriate. *See D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29 (2d Cir. 1990) (*citing Compare Dolori Fabrics, Inc. v. The Limited, Inc*., 662 F.Supp. 1347, 1354 (S.D.N.Y. 1987) (Lumbard, C.J., sitting by designation) (copyright mark removed prior to defendant's purchase of infringing goods) and *L L White Metal Casting Corp. v. Cornell Metal Specialties Corp*., 353 F.Supp. 1170, 1172, 1174 (E.D.N.Y. 1972) (Moore, C.J., sitting by designation) (product purchased from third-party manufacturer with no copyright notice) with *Original Appalachian Artworks, Inc. v. J.F. Reichert, Inc.,* 658 F.Supp. 458, 464-65 (E.D.Pa. 1987) (defendants not innocent infringers where goods "were clearly marked as being copyrighted material")).

35. None of the Defendants' alleged images have been affixed with any sort of copyright mark or copyright notice.

36. Additionally, AHPEA "was not aware and had no reason to believe that [its] acts constituted an infringement." *See D.C. Comics Inc. v. Mini Gift Shop*, 912 F.2d 29 (2d Cir. 1990) (citing 17 U.S.C. § 504(c)(2); *see also Fitzgerald Publishing*, 807 F.2d at 1115.

37. Thus, it is clear that the U.S. copyright doctrine of innocent infringement applies to the present scenario (if, in fact, any of the images in questions are covered by U.S. Copyright Registrations).

38. However, even in the event that any of the cited images are protected under U.S. Copyright Registration(s), none of the works were affixed with a notice of such a copyright and AHEPA was not aware of, nor had any reason to believe, its actions consisted copyright infringement. As such, AHEPA is clearly entitled to the "absolute defense" of innocent infringement. *See 17 U.S. Code § 406(a)*.

39. Further, the Defendants could not be entitled to any damages.

40. Under U.S. Copyright Law, without affixing a proper copyright notice to a work, little-to-no statutory damages are available to an owner of a copyright in litigation proceedings. Under 17 U.S. Code § 504(c)(2), no statutory damages are available in certain scenarios involving non-profits.

41. A registrant would have the burden of proving actual damages caused by such an infringement. In the event that Defendants can show a valid registration exists, there are no actual damages caused by Plaintiff's fair use news reporting.

42. The claims of any of the Defendants' copyrights are and have been invalid and void *ab initio* on the grounds fails to meet the conditions of patentability specified in Title 17 of the United States Code, including, but not limited to, the conditions specified in 17 U.S.C. chapter 1 and 17 U.S.C. Chapter 4 of the Code.

43. A judicial declaration is necessary under the circumstances to resolve this controversy. The Plaintiff is entitled to a declaratory judgment that each of the claims of copyright infringement are invalid.

### CLAIM NO. 3
*(Demand for Plaintiff's Attorney's Fees)*

44. The Plaintiff incorporates by reference each statement, whether written above or below, as if each is fully re-written herein.

45. Section 505 of the Copyright Act allows the court to "award a reasonable attorney's fee to the prevailing party as part of the costs." An award of attorney fees is a matter of the court's discretion. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533 (1994), and Section 505 "grants courts wide latitude to award attorney's fees based on the totality of circumstances in a case." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1985 (2016).

46. In deciding whether to award fees under the Copyright Act, the district court should consider, among other things: "the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996).

47. Further, some circuit courts also consider "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff." *Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003). The relevant factors should all be considered in equal measure given the circumstances of the case "so long as such factors are faithful to the purposes of the Copyright Act and are applied to prevailing plaintiffs and defendants in an evenhanded manner." *Fogerty*, 517 U.S. at 534 n.19. "Faithfulness to the purposes of the

Copyright Act is, therefore, the pivotal criterion." *Fantasy, Inc. v. Fogerty*, 94 F.3d 553, 558 (9th Cir. 1996). "The primary objective of the Copyright Act is to encourage the production of original literary, artistic, and musical expression for the good of the public." *Fogerty*, 510 U.S. at 524.

48. The facts and circumstances of Defendants' egregious behavior, as facilitated through their agents the Copyright Troll, which is an infamous and renown copyright troll and whose actions border just short of extortion, amounts to frivolous and unreasonable actions that justify an award of Plaintiff's reasonable attorney's in bringing this action and defending any potential counterclaim or overcoming any potential defense.

## PRAYER FOR RELIEF / REQUEST FOR REMEDIES

WHEREFORE, the Plaintiff prays that this Court to enter an Order in favor of the Plaintiff and against the Defendant, including, but not limited to:

A) A declaratory judgment that none of the Plaintiff's publications infringe or have infringed, either directly or indirectly, or contributorily, any valid and presently enforceable copyright registration held by any of the Defendants;

B) A declaratory judgment that the Defendants' copyrights are invalid;

C) A declaratory judgment that the Defendants' copyrights are unenforceable;

D) A declaratory judgment that the Defendants' lack standing to pursue copyright infringement actions as alleged;

E) Alternatively, and/or additionally, if valid and enforceable U.S. copyrights exists, a declaratory judgement that the Plaintiff is an innocent infringer;

F) A declaratory judgment that no Defendant is entitled to damages;

G) A declaration that this case is exceptional under 17 USC § 505 and award the Plaintiff its attorney's fees, costs, and expenses incurred in this action; and,

H) Any further relief in law or equity that this honorable Court deems just and appropriate.

**JURY DEMAND**

WHEREFORE, the Plaintiff requests a trial by jury on all issues so triable by the maximum number of jurors permitted by law.

Most Respectfully Submitted,

   /s/ John D. Gugliotta
**JOHN D. GUGLIOTTA (0062809)**
**NATHAN J. GUGLIOTTA (0096962)**
*Gugliotta & Gugliotta, LPA*
55 S. Miller Road, Ste. 203
Akron, Ohio 44333
Tel.   (330) 253 – 2225
Fax   (330) 865 – 3777
johng@inventorshelp.com
nathan@inventorshelp.com

*Counsel for the Plaintiff*