IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| American Hellenic Educational Progressive Association,<br><br>    Plaintiff,<br><br>PicRights Ltd.<br>PicRights Europe GmbH<br>Agence France-Presse,<br><br>    Defendants. | Case No. 1:19-cv-01814-DAP<br><br>**AMENDED ANSWER AND COUNTERCLAIMS FOR DEFENDANT AGENCE FRANCE-PRESSE** |

Defendant AGENCE FRANCE-PRESSE, respectfully submits this Answer and accompanying Counterclaims in response to the Complaint filed by in the above-captioned matter:

## ANSWER

Defendant hereby responds to the allegation(s) contained in each of the numbered paragraphs in the Plaintiff's Complaint as follows:

1. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation(s) in Paragraph 1, and thereby denies the allegations contained in Paragraph 1.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation(s) in Paragraph 2, and thereby denies the allegations contained in Paragraph 2.

3. Defendant admits to the allegation(s) contained in Paragraph 3.

4. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation(s) in Paragraph 4, and thereby denies the allegations contained in Paragraph 4.

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation(s) in Paragraph 5, and thereby denies the allegations contained in Paragraph 5.

6. The allegations contained in Paragraph 6 are irrelevant as Higbee & Associates is not

a party to the action or an owner of the subject copyright. Defendant further notes that the basis for the allegations is inane as a Google search produces more than 14,000 results for the term "Bigfoot In Ohio Federal Court" and "Gugliotta copyright troll." Defendant denies the allegation(s) in Paragraph 6.

7. Defendant denies the allegation(s) in Paragraph 7.

8. The allegation(s) contained in Paragraph 8 contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegation(s) contained in Paragraph 8.

9. The allegation(s) contained in Paragraph 9 contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegation(s) contained in Paragraph 8.

10. The allegation(s) contained in Paragraph 10 contain legal conclusions to which no response is requiredTo the extent any response is required, Defendant denies the allegation(s) contained in Paragraph 10.

11. The allegation(s) contained in Paragraph 11 contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegation(s) contained in Paragraph 11.

12. Defendant admits that The Law Firm of Higbee & Associates sent the Plaintiff the letter (dated June 7, 2019) and attachments that are appended to the Complaint as "Exhibit D" (Doc #1-5) and referenced in Paragraph 12. Defendant denies the Plaintiff's characterization of the letter as a "cease and desist letter" and denies the Plaintiff's characterization of The Law Firm of Higbee & Associates as a "Copyright Troll".

13. Defendant admits that the aforementioned letter (dated June 7, 2019) was sent from

The Law Firm of Higbee & Associates and signed by Attorney Mathew K. Higbee. Defendant denies that The Law Firm of Higbee & Associates purported in that letter to be "attorney in fact" for all the defendants who are named in this action. The letter expressly indicates at the outset that the Law Firm of Higbee & Associates was specifically representing Agence-France Presse, who is and was at all relevant times the owner/copyrights holder of the copyrighted images that gave rise to this action.

    14. Defendant denies the allegation(s) in Paragraph 14.

    15. Defendant denies the allegation(s) in Paragraph 15.

    16. Defendant denies the allegation(s) in Paragraph 16.

    17. The allegation(s) contained in Paragraph 17 contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegation(s) contained in Paragraph 34.

    18. Defendant denies the allegation(s) in Paragraph 18.

    19. Defendant denies the allegation(s) in Paragraph 19.

    20. Defendant denies the allegation(s) in Paragraph 20.

    21. Defendant denies the allegation(s) in Paragraph 21.

    22. Defendant admits that the Plaintiff's claim purports to arise under the Declaratory Judgment Act, 28 USC § 2201 et seq., and the copyright laws of the United States, 17 USC § 101 et seq., and that the Plaintiff is seeking the declaratory judgment as described. Defendant denies that the Plaintiff is entitled to such declaratory judgment, and denies the remainder of Paragraph 22.

    23. Defendant denies the allegation(s) in Paragraph 23.

    24. Defendant denies the allegation(s) in Paragraph 24.

    25. Defendant denies the allegation(s) in Paragraph 25.

26. Defendant admits that the Plaintiff is seeking such a declaratory judgment in this action. Defendant denies that the Plaintiff is entitled to such a declaratory judgment.

27. Defendant denies the allegation(s) in Paragraph 27.

28. Defendant admits that the Plaintiff's claim purports to arise under the Declaratory Judgment Act, 28 USC § 2201 et seq., and the copyright laws of the United States, 17 USC § 101 et seq., and that the Plaintiff is seeking the declaratory judgment as described. Defendant denies that the Plaintiff is entitled to such declaratory judgment, and denies the remainder of Paragraph 28.

29. Defendant admits that one or more of the defendants named in this action is the assignee and owner of the copyrighted materials which gave rise to this action.

30. Defendant denies the allegation(s) in Paragraph 30.

31. Defendant denies the allegation(s) in Paragraph 31.

32. Defendant denies the allegation(s) in Paragraph 32. To the extent any response is required, Defendant denies the allegation(s) contained in Paragraph 32.

33. The allegation(s) contained in Paragraph 33 contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegation(s) contained in Paragraph 33.

34. The allegation(s) contained in Paragraph 34 contain legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegation(s) contained in Paragraph 34.

35. Defendant admits that the copyrighted images giving rise to this action were not affixed with any copyright mark or copyright notice but denies that this fact provides the Plaintiff any legal defense against copyright infringement liability.

36. Defendant denies the allegation(s) in Paragraph 36.

37. Defendant denies the allegation(s) in Paragraph 37.

38. Defendant admits that the copyrighted images giving rise to this action were not affixed with any copyright mark or copyright notice but denies that this fact provides the Plaintiff any legal defense against copyright infringement liability. Defendant also denies that AHEPA was not aware of or did not have reason to know its actions constituted copyright infringement.

39. Defendant denies the allegation(s) in Paragraph 39.

40. Defendant denies the allegation(s) in Paragraph 40.

41. Defendant denies the allegation(s) in Paragraph 41.

42. Defendant denies the allegation(s) in Paragraph 42.

43. Defendant denies the allegation(s) in Paragraph 43.

44. Defendant denies the allegation(s) in Paragraph 44.

45. Defendant admits the allegation(s) contained in Paragraph 45.

46. Defendant admits the allegation(s) contained in Paragraph 46 only to the extent that it appears to be an accurate quotation from a decision of the Ninth Circuit Court of Appeals, but denies that this standard for awarding attorney's fees, as articulated in the quoted Ninth Circuit decision, is binding on this Court. Even if binding on this Court or otherwise applicable, Defendant denies that the Plaintiff is entitled to any award of attorney's fees.

47. Defendant admits the allegation(s) contained in Paragraph 47 only to the extent that they appear to be accurate quotations from certain decisions of the Ninth Circuit Court of Appeals and the United States Supreme Court. Defendant denies that the Plaintiff is entitled to any award of attorney's fees.

48. Defendant denies the allegation(s) in Paragraph 48.

## COUNTERCLAIMS

Agence France-Presse (hereinafter "Counterclaim Plaintiff" or "AFP") hereby asserts the following counterclaims against American Hellenic Educational Progressive Association (hereinafter "Counterclaim Defendant" or "AHEPA"):

### Jurisdiction & Venue

1. This is a civil action seeking damages and injunction relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject-matter jurisdiction over Counterclaim Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Counterclaim Defendant because Counterclaim Defendant conducts business and/or resides within this judicial district, Counterclaim Defendant's acts of infringement complained of herein occurred in this judicial district, and Counterclaim Defendant caused injury to Counterclaim Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred. Alternatively, venue is proper pursuant to 28 U.S.C. § 1400(b) because the Counterclaim Defendant resides and has a regular and established place of business in this judicial district.

### Parties

5. Counterclaim Plaintiff (AFP) is an international news agency headquartered in Paris, France. It was founded in 1835 and is the world's oldest news agency, with with regional headquarters in Europe, Asia, and North America, and news bureaux in over 150 countries.

6. Counterclaim Defendant (AHEPA) a fraternal organization with chapters across the

United States, including in Cuyahoga County, Ohio. On information and belief, AHEPA generates hundreds of thousands, if not millions, of dollars in revenue from membership fees, charitable contributions and donations, and other sources.

## Factual Allegations

7. AFP is an international news agency headquartered in Paris, France. It was founded in 1835 and is the world's oldest news agency, with with regional headquarters in Europe, Asia, and North America, and news bureaux in over 150 countries.

8. AFP is and was at all relevant times the sole rights holder of the following four unique and original copyrighted materials which gave rise to this action (individually attached as "Exhibits 1-4" and hereinafter collectively referred to as the "Copyrighted Images"):

| Exhibit | AFP Image # | Date of Registration w/US Copyright Office | Registration # |
| --- | --- | --- | --- |
| Exhibit 1 | 462734632 | 05-07-2015 | VA0002129693 |
| Exhibit 2 | 486851901 | 11-11-2014 | VA0002129685 |
| Exhibit 3 | 473510366 | 07-16-2015 | VA0002129698 |
| Exhibit 4 | 472984578 | 07-16-2015 | VA0002129698 |

9. At all relevant times, Counterclaim Defendant (AHEPA) owned, operated, or otherwise controlled the following internet website and its affiliated webpages: https://ahepa.org (hereinafter the "AHEPA website").

10. On information and belief, AHEPA generates hundreds of thousands, if not millions, of dollars in revenue from membership fees, charitable contributions and donations, and other sources.

11. The AHEPA website is one of the ways through which AHEPA communicates its messages, events and activities to its members and the general public, and is one of the ways through which it reaches thousands of potential members, donors and contributors to its organization.

12. AFP has never transferred or otherwise assigned its rights to the Copyrighted Images to any persons or entities.

13. AFP has never consented to, authorized, permitted, allowed, or given AHEPA a license (express or otherwise) to use AFP's unique and original Copyrighted Images on AHEPA's internet website or in any other capacity.

14. In or about 2019, AFP discovered that AHEPA had been unlawfully using AFP's Copyrighted Images on AHEPA's website without a license, permission or authority. Many or all of the Copyrighted Images had been displayed on AHEPA's website next to paid advertisements which provided AHEPA an additional source of income (in addition to membership fees, donations, and other sources of revenue).

15. Attached hereto as Exhibit 5 are true and correct internet screenshots of AHEPA's unlawful use of each of AFP's Copyrighted Images (Exhibits 1-4) on AHEPA's website.

16. AHEPA's unlawful, unauthorized use of the Copyrighted Images were deliberate and willful because AHEPA knew or should have known that the Copyrighted Images were registered and subject to protection under US copyright law, and knew or should have known that it had not obtained a prior license or permission to use the Copyrighted Images in the manner that it did.

17. FP, through its counsel, made an earnest attempt to resolve this matter out of court. It sent letters and email communication to AHEPA and then its counsel. Instead of working with AFP through its counsel to resolve the matter out of court, AHEPA retained counsel who apparently preferred to rush the parties to court after he relied on the opinion of ill-informed

8

bloggers and case law that has not been relevant since the Berne Convention Implementation Act of 1988 was enacted in March of 1989— more than three decades ago.

### First Cause of Action
### (Copyright Infringement)
### 17 .S.C. § 101 et seq.

17. AFP incorporates by reference all of the above paragraphs as though fully stated herein.

18. AFP has never consented to, authorized, permitted, allowed, or given AHEPA a license (express or otherwise) to use AFP's unique and original Copyrighted Images on AHEPA's internet website or in any other capacity.

19. AHEPA willfully infringed upon AFP's Copyrighted Images in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Copyrighted Images belonging to AFP without AFP's consent and without authority, and acquired monetary gain and market benefit as a result.

20. As result of AHEPA's violations of Title 17 of the U.S. Code, AFP is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages as set forth under 17 U.S.C. § 504(c)

21. AFP is also entitled to injunctive relief, pursuant to 17 U.S.C. § 502, to prevent or restrain AHEPA and any of its agents from committing any further or ongoing acts of infringement of AFP's copyrighted materials, including the Copyrighted Images at issue in this matter.

22. As a result of AHEPA's violations of Title 17 of the U.S. code, the Court in its

discretion may allow the recovery of reasonable attorney's fees and costs pursuant to 17 U.S.C §505.

## Prayer for Relief

**WHEREFORE**, Counterclaim Plaintiff (AFP) prays for judgment against the Counterclaim Defendant (AHEPA) as follows:

A. For an award of actual damages and disgorgement of all of AHEPA's profits attributable to the infringements as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Counterclaim Plaintiff's election, an award for the maximum justifiable statutory damages against the Counterclaim Defendant for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

B. For costs of litigation and reasonable attorney's fees against the Counterclaim Defendant pursuant to 17 U.S.C. § 505;

C. For an injunction preventing the Counterclaim Defendant (including its agents) from further infringement of any and all copyrighted materials of the the Counterclaim Plaintiff pursuant to 17 U.S.C. § 502;

D. For any other relief the Court deems just and proper.

Dated this 15th day of Nov. 2019

/s/ Mathew K. Higbee
_____
Mathew K. Higbee, Esq.
HIGBEE & ASSOCIATES
1504 Brookhollow Drive, Suite 112
Santa Ana, CA 92705-5418
Phone: (714) 617-8385
Fax: (714) 617-8511
Email: mhigbee@higbeeassociates.com
Attorney for Defendant
AGENCE FRANCE-PRESSE